IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNIE FLOURNOY,** **#B61265,**                    **Plaintiff,** v. **WEXFORD HEALTH SOURCES, INC.,** and **ILLINOIS DEPARTMENT OF CORRECTIONS,**                    **Defendants.** | Case No. 20-cv-01357-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to bifurcate trial filed by Defendant Wexford Health Sources, Inc. ("Wexford") (Doc. 32). For the following reasons, the motion is denied.

### BACKGROUND

Flournoy, an inmate at the Illinois Department of Corrections ("IDOC") who is currently housed at Pinckneyville Correctional Center ("Pinckneyville"), commenced this action pursuant to Section 1983 for the deprivation of constitutional rights. Relevant to the motion currently before the Court, Flournoy claims that while incarcerated at Lawrence Correctional Center ("Lawrence") and Pinckneyville, he has been denied proper treatment for medical conditions affecting his eyes and throat in violation of the Eighth Amendment and state law (Counts 1, 4, 5).[1] Regarding adequate treatment for his eyes, Flournoy asserts that because Wexford has a cost cutting policy

---

[1] Flournoy is also proceeding on a claim brought pursuant to the Americans with Disabilities Act and Rehabilitation Act against the Illinois Department of Corrections for refusing to provide him a magnifying glass and refusing to transfer him to a facility with a Braille program (Count 2). (*See* Doc. 11).

and practice, he has not received timely refills of his eye medications, he was not treated by knowledgeable medical professionals, and he has not been taken back to an outside hospital for follow up treatment. For his throat condition, Flournoy asserts that Wexford's efforts to reduce costs have resulted in him not being able to receive the surgery that had been recommended by one of his treating physicians.

In the answer to the First Amended Complaint, Wexford raised Flournoy's failure to exhaust his administrative remedies and release of claims as affirmative defenses. The Court entered an initial scheduling order staying discovery until the issue of exhaustion had been resolved. (Doc. 31). Subsequently, Wexford filed a motion to bifurcate the issue of release of claim. (Doc. 32). Flournoy did not file a response in opposition to the motion.

### MOTION TO BIFURCATE ISSUE OF SETTLEMENT AND RELEASE OF CLAIM

Wexford has filed a motion pursuant to Federal Rule of Civil Procedure 42(b). (Doc. 32). Wexford states that on November 10, 2021, Flournoy and Defendants reached a settlement agreement in *Flournoy v. Obaisi,* No. 17-cv-07994 (N.D. Ill. filed Nov. 4, 2017). This agreement included a General Release of All Claims in which Flournoy agreed to release Wexford from any claims he may have that arose on or before November 10, 2021. Wexford has raised release of claim as an affirmative defense and asks the Court to bifurcate the issue of settlement and release of claim. Wexford argues that a preliminary determination of whether Flournoy has released the claims alleged against it could be dispositive of his lawsuit and would expedite further proceedings.

Federal Rule of Civil Procedure 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The Court finds that it is too early in this litigation to determine whether conducting a separate trial on the issue

regarding whether Plaintiff released the claims alleged against Wexford would avoid prejudice or promote judicial economy. *See Krocka v. City of Chi.,* 203 F.3d 507, 516 (7th Cir.2000) (a "district court has considerable discretion to order the bifurcation of a trial"). Accordingly, the motion asking the Court to order a separate trial on the affirmative defense of release of claims is **DENIED.** (Doc. 32).

That being said, the Court agrees that the threshold issue of release of claims could be dispositive of all counts against Wexford and should be examined first. Therefore, the Court will allow that parties to engage in limited discovery exclusive to the issue of release of claims. *See Abramson v. Gohealth LLC,* No. 19 C 6318, 2020 WL 5209817, at *1 ("[a]lthough the Federal Rules of Civil Procedure do not explicitly allow for bifurcated discovery – and that includes Fed. R. Civ. P. 42, upon which Defendant relies – a court has discretion to bifurcate discovery") (citations omitted). The parties shall have **30 days** from the date of this Order to conduct this discovery. Wexford shall have **60 days** from the date of this Order to file a motion for summary judgment on its affirmative defense of release of claims. Plaintiff shall then have **30 days** to file a response in opposition. During this time, merits discovery shall remain stayed.

As the resolution of the affirmative defense of release of claims would eliminate the need to examine whether Plaintiff exhausted his administrative remedies, the motion for summary judgment on exhaustion is **DENIED at this time without prejudice** and may be refiled after the Court addresses the release of claims affirmative defense. (Doc. 33).

   **IT IS SO ORDERED.**

   **DATED:   March 23, 2023**

                                                                   *s/Stephen P. McGlynn*
                                                                   **STEPHEN P. MCGLYNN**
                                                                   **United States District Judge**